**XIAO MING ZOU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–40896–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 1, 2005.

mer Attorney General John Ashcroft as a respondent in this case.

Karen Jaffe, New York, NY, for Petitioner.

Michael Garcia, United States Attorney of the Southern District of New York (Larry D. Adams, Assistant United States Attorney, on the brief), for Respondent.

PRESENT: JACOBS, KATZMANN, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Zou Xiao Ming ("Zou"), a citizen of China, petitions for review of an order of the Board of Immigration Appeals ("BIA") entered on October 27, 2003, affirming a July 22, 2002 decision of an immigration judge ("IJ"). The IJ rejected the petitioner's application for asylum and withholding of removal under the Immigration and Nationality Act of 1952, see 8 U.S.C. §§ 1158(a), 1231(b)(3), and denied relief under Article 3 of the United Nations Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

When, as here, the BIA issues a short opinion that primarily recounts the IJ's decision, we may review the IJ's decision rather than that of the BIA. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). Here, the BIA affirmed, and agreed that "the Immigration Judge's adverse credibility finding, based in part on

[Zou's] admission that during her initial questioning she lied to immigration officials, telling a wholly inconsistent story, because she was coached to do so ..., [was] adequately supported by the record." The BIA also declined to extend its holding in Matter of C–Y–Z–, 21 I & N Dec. 915, 1997 WL 353222 (BIA 1997) (an alien whose spouse was forced to undergo an involuntary abortion or sterilization procedure can establish persecution on account of political opinion) to other family members.

When reviewing asylum claims, "[w]e review the factual findings underlying the [IJ's] determinations under the substantial evidence standard, reversing only if no reasonable fact-finder could have failed to find that petitioner suffered past persecution or had a well-founded fear of future persecution." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (internal quotation marks omitted).

In this case, the IJ's adverse findings, relating principally to material inconsistencies and improbable assertions in the record, were supported by substantial evidence. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (per curiam); *see also Zhou Yun Zhang v. INS,* 386 F.3d 66, 71 (2d Cir.2004) ("Because [asylum and withholding] relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding."). Specifically, the IJ found not credible or not supported by the record Zou's assertions that: (1) a new policy had been implemented in China requiring all females under the age of 18 to undergo pregnancy tests; (2) her mother had explained her alleged forced sterilization to Zou when Zou was only ten years old, and Zou remembered the circumstances surrounding her mother's sterilization even though it occurred when Zou was four

years old; and (3) Lin Ye Fong, a citizen in her village, was jailed upon his return to China (after leaving the country illegally). The IJ also properly relied upon the fact that Zou had admitted that she initially told U.S. officials a fraudulent story that she left China for fear of arrest because she did not pay Chinese officials "protection money" after they discovered that she was in charge of a video store. Likewise, the IJ's denial of CAT relief also satisfied the substantial evidence standard. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 134, 144 (2d Cir.2003).

We have considered all of the petitioner's claims and find them to be without merit. The petition for review is therefore DENIED, and the pending motion for a stay of removal is DENIED.